**Akram HOSSAIN, Akbar Hossain, Shirin Akter Hossain, Petitioners,**

v.

**Alberto R. GONZALES, U.S. Attorney General.**

Nos. 06–3062–ag(L), 06–3063–ag(con).

United States Court of Appeals, Second Circuit.

May 18, 2007.

Salim Sheikh, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Patricia A. Smith, Senior Litigation Counsel, David Schor, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

## *SUMMARY ORDER*

Petitioners Akram Hossain, Akbar Hossain, and Shirin Akter Hossain, all natives and citizens of Bangladesh, seek review of three June 9, 2006 orders of the Board of Immigration Appeals affirming the March 11, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying the lead petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Akram Hossain et al.,* Nos. A72 419 064, A70 867 518, A70 867 519 (B.I.A. June 9, 2006), *aff'g* Nos. A A72 419 064, A70 867 518, A70 867 519 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005).

In his brief to the BIA, Hossain challenged the IJ's adverse credibility determination and argued generally that he was eligible for asylum, withholding of removal, and CAT relief. However, in his burden of proof sections, he only made general statements regarding his eligibility for re-

lief. The government correctly notes that Hossain failed to raise the following issues in his brief to the BIA: 1) whether the IJ was biased or violated his due process right to a fair hearing; 2) whether the IJ erred in failing to admit many of his documents; 3) whether the agency applied an improper burden of proof; 4) whether the IJ erred in failing to consider other reasons for the discrepancies; and 5) whether there had been changed country conditions in Bangladesh. In his brief to this Court, Hossain makes much more specific arguments regarding his eligibility for relief, including arguments that the IJ was biased and did not provide him with a fair hearing. He also asserts that the country conditions evidence support his claims for relief.

Although this Court is statutorily barred from considering categories of relief that were not raised at the agency level, a petitioner's failure to argue particular issues before the BIA does not, as a statutory matter, bar this Court's jurisdiction to consider those issues when raised before this Court. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 117–119, 122–125 (2d Cir.2007), *amending* 461 F.3d 101, 104 (2d Cir.2006). We have also found that when the BIA affirms the IJ's decision without opinion, leaving the Court to review the entirety of the IJ's decision as the "final agency determination," all issues, whether or not raised by the petitioner to the BIA, are generally subject to review. *Id.* at 122–123. However, even when the BIA affirms the IJ's decision without opinion and the Court is not statutorily restricted from reviewing unexhausted issues, pursuant to the judicially-imposed, and mandatory, doctrine of issue exhaustion, we generally will not entertain an unexhausted issue when a petitioner's failure to exhaust is raised by the government or where gaps in the record hinder this Court's review of the issue. *Id.* at 107

n. 1, 122–125. In addition, when an alien fails to sufficiently exhaust an issue that is dispositive of his claim, this Court may dismiss the petition for review for failure to exhaust his administrative remedies. *Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007).

Hossain's failure to exhaust the IJ's country conditions is a dispositive issue in the case. The IJ specifically found that even if Hossain's testimony was credible, the evidence in the record indicated that the situation in Bangladesh had substantially changed since he fled. Without reviewing the adverse credibility determination, even if Hossain is correct that the IJ's adverse credibility determination is not supported by substantial evidence, this country conditions finding by the IJ would prevent him from obtaining asylum and withholding of removal. *See* 8 C.F.R. §§ 208.13(b)(1)(i)(A), (2)(ii); 208.16(b)(1)(i)(A), (2). Regardless of whose burden it was to demonstrate changed circumstances, Hossain would need to rebut the IJ's changed country conditions finding in order to prove eligibility for asylum and withholding of removal. The change in circumstances also prevents Hossain from establishing that he would likely face torture upon return to Bangladesh. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) (holding that demonstrating a likelihood of torture requires more than proving a likelihood of persecution because torture is "something more severe than the kind of treatment that would suffice to prove persecution").

As the BIA did not have any opportunity to consider these arguments, the record is insufficient to permit judicial review of these issues. *Lin Zhong,* 480 F.3d at 107 n. 1. Furthermore, because the government actively opposes the Court's review of the unexhausted issues and because at least one of those issues is dispositive of

Hossain's claims for relief, we decline to consider them and deny the petition for review. *Id.; Steevenez,* 476 F.3d at 118.

For the foregoing reasons the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).